IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RICHARD TARRANT, # 42992-037 | * | |
| Petitioner | * | |
| v. | * | Civil Action No. WDQ-12-2570 |
| UNITED STATES OF AMERICA | * | (Related Crim. Case WDQ-07-286) |
| Respondents | * | |

\*\*\*

### MEMORANDUM

Pending is Richard Tarrant's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. The Government has filed a response. Tarrant, although granted time to file a reply, has not done so.

On September 5, 2008, Tarrant was sentenced to 180 months incarceration and three years of supervised release subsequent to his guilty plea to crack cocaine distribution. Tarrant did not file an appeal. On August 20, 2012,[1] nearly four years later, Tarrant filed this Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.

Petitions filed under 28 U.S.C. §2255 must be filed within one year of the date the judgment of conviction becomes final.[2] See 28 U.S.C. § 2255(1). In this case, judgment was

---

[1] The Motion was signed on August 20, 2012. For the purpose of assessing timeliness, the Court deems the Motion filed on the date it was delivered to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988); United States v. Dorsey, 988 F. Supp. 917, 919-920 (D. Md. 1998).

[2] Section 28 U.S.C. §2255 provides in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

entered on September 5, 2008. Because there was no appeal, the judgment became final ten business days later. *See* Fed. R.App. P. 4(b)(1)(A)(i) (2007); *Clay v. United States*, 537 U.S. 522, 526 (2003). The instant Motion, deemed filed on August 20, 2012, was filed outside the one-year limitations period and is time-barred. Tarrant provides no grounds to equitably toll the running of the limitations period. There is no evidence that he has diligently pursued his claims or that extraordinary circumstances prevented timely filing of the Motion. *See Holland v. Florida*, _ U.S. _, 130 S.Ct. 2549, 2560 (2010); *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Lastly, pursuant to Rule 11(a) of the *Rules Governing Section 2255 Cases*, this Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(2); *Miller–El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A separate Order follows.

_1/24/13_
Date

_____
William D. Quarles, Jr.
United States District Judge

---

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.